MICHAEL H. COPELAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Copeland v. Commissioner
Docket No. 28986-82.
United States Tax Court
T.C. Memo 1984-272; 1984 Tax Ct. Memo LEXIS 400; 48 T.C.M. (CCH) 147; T.C.M. (RIA) 84272; May 22, 1984. Michael H. Copeland, pro se. Lynn C. Washington, for *402 the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before the Court on respondent's motion for summary judgment made pursuant to Rule 121. [1]
Respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income tax for 1979: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654
1979
$2,218
$275.12
$110.90
$34.33
The substantive issues are (1) whether petitioner understated his 1979 gross income by $13,187.95, (2) whether petitioner failed to file a valid return for 1979 and is therefore liable for the addition to tax under section 6651(a)(1), (3) whether petitioner underpaid tax because of negligence or intentional disregard of rules and regulations, section 6653(a), (4) whether petitioner is liable for the addition to tax for failure to make estimated tax payments, (5) whether petitioner may file a joint return after he has received a notice of deficiency *403 and filed a petition with this Court, and (6) whether petitioner can claim a child care credit at this late date. Petitioner resided in Lakeland, Florida, at the time the petition [2] in this case was filed. A decision may be rendered on a motion for summary judgment if the pleadings and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). The following is a summary of the facts revealed by the pleadings. During 1979, petitioner worked as a pipefitter. He received wages of $13,187.95 from four different employers in 1979. For 1979, petitioner filed a Form 1040A which reported taxable income of zero and sought a refund for $1,117.54 of Federal income taxes withheld by his 1979 employers. Attached to the Form 1040A were W-2 forms upon which the amounts of wages and withheld taxes had been altered or obliterated. During 1980, petitioner filed with at least three of his *404 1979 employers a notice which claimed that the forms W-2 issued to him were inaccurate and which requested a refund of FICA tax "erroneously withheld." Petitioner also submitted an affidavit to respondent which made the same assertion and request. The first issue is whether petitioner is liable for the asserted deficiency. We find none of the essential facts to be disputed, and that respondent is entitled to judgment as a matter of law. Petitioner concedes that he received $13,187.95 from the companies which employed him in 1979, but contends that wages are not gross income because they were received as an equal exchange for his labor. He argues that he therefore received no gain on the transaction and hence is not subject to Federal income tax. These arguments have been considered and rejected repeatedly by the courts and, by now, are recognized as frivolous; wages clearly constitute income. ; ; section 61(a)(1). Accordingly, we grant respondent's motion for summary judgment as to the deficiency asserted. The second issue is whether petitioner is liable for *405 an addition to tax imposed under section 6651(a)(1) for failure to file a timely income tax return. We have already found that petitioner received gross income sufficient to require him to file a tax return. Section 6012(a)(1). It is settled law that a tax return which discloses no information relating to a taxpayer's income and deductions does not constitute a "return" within the meaning of section 6012. . Petitioner's Form 1040A reported gross income of zero and was accompanied by W-2 forms repudiated by petitioner; as such, the form does not constitute a valid "return". . Nevertheless, the failure to file a timely return may be excused if the failure was due to reasonable cause and not due to willful neglect. Section 6651(a)(1). We find, however, that petitioner's Form 1040A was filed as he intended it to be filed, in open disregard of the statute and respondent's regulations. We further find that petitioner's failure to file a valid return was due to willful neglect and not excused by reasonable cause. Accordingly, we sustain respondent's assessment of *406 an addition to tax under section 6651(a)(1). The third issue is whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a). Petitioner has the burden of proving that he is not liable for the addition to tax. . Petitioner has offered no arguments upon which we might conclude that his underpayment of tax was not due to negligence or intentional disregard of rules and regulations. In any case, petitioner's frivolous position that wages are not income is intentional disregard of the rules and regulations. Accordingly, we sustain respondent's determination of the addition to tax. The fourth issue is petitioner's liability for the asserted addition to tax for failure to pay estimated income tax. We have already sustained respondent's determination of an underpayment; once the underpayment is established, the addition to tax is mandatory and merely a matter of arithmetic under the terms of section 6654. See . In any case, petitioner has failed to specify why this assessment is *407 incorrect and therefore the issue may be deemed conceded. Rule 34(a)(4). Accordingly, we grant respondent's motion for summary judgment as it concerns the addition to tax under section 6654. The fifth issue is whether petitioner may now file a joint return after he has received a notice of deficiency and filed a petition with this Court. Section 6013(b) provides that a joint return may in certain circumstances be filed late but not "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213." Section 6013(b)(2)(C). Accordingly, we sustain respondent's motion for summary judgment on this issue as well. The final issue is whether petitioner may claim a child care credit at this late date. Section 44A(f)(2) provides that if the taxpayer is married at the close of the taxable year, the credit shall be allowed only if the taxpayer and his spouse file a joint return. Petitioner has not asserted that he lived apart or was separated from his wife during 1979 and thus cannot come within the exceptions of *408 sections 44A(f)(3) and 44A(f)(4). We have held that petitioner may not file a joint return at this time. Accordingly, we sustain respondent's motion for summary judgment on this issue. Finally, we find this proceeding to have been instituted by petitioner merely for delay and accordingly, on our own motion, we award damages to the United States of $500 under section 6673. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. Petitioner filed a boilerplate petition virtually identical to petitions filed by other taxpayers in the Tampa region who are members of a tax protester group called the Keystone Society.↩